## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JONAS LIEPONIS, derivatively on behalf of OLD OAK COUNTY CLUB, INC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| PETER LIEPONIS and ALGIS LIEPONIS | ) ) | DEMAND FOR JURY TRIAL |
| | ) ) | |
| Defendants. | ) ) ) | |

## VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

PLAINTIFF JONAS LIEPONIS, derivatively on behalf of OLD OAK COUNTY CLUB, INC., by and through his attorneys, Gozdecki, Del Giudice, Americus, Farkas & Brocato LLP, for his Complaint against DEFENDANTS PETER LIEPONIS AND ALGIS LIEPONIS, hereby states as follows:

### NATURE OF THE ACTION

1.      This is a shareholder derivative action brought by Dr. Jonas Lieponis, a minority shareholder of Old Oak County Club, Inc. ("Old Oak") against certain controlling members of Old Oak's Board of Directors, as well as certain of its Officers, to remedy violations of law, including breach of fiduciary duty, waste of corporate assets, self-dealing, corporate oppression and violations of the Illinois Business Corporations Act, which have caused Old Oak to incur substantial monetary losses and other damages, including damage to its goodwill and reputation.

2.     Old Oak is a privately held corporation whose primary assets are land holdings in Homer Glen, Illinois on which Old Oak operates a public golf course, Old Oak County Club.    Directors and Officers Peter Lieponis ("Peter") and Algis Lieponis ("Algis"), collectively majority shareholders and the controlling Officers and Directors of Old Oak, have acted in a manner so as to oppress minority shareholder Jonas Lieponis ("Jonas"), operated Old Oak so as deny any reasonable prospect of a return to its shareholders, engaged in multiple acts of self-dealing and corporate waste and operated Old Oak in a unsound manner, so as to jeopardize its ability to continue legal operations.

3.     Peter and Algis, in their capacity as Officers and Directors, have seen fit to operate Old Oak for their own betterment and self-interest, while at the same time denying the receipt of any value to the shareholders of Old Oak.    In fact, Peter and Algis have operated Old Oak with the express intent of ensuring the business does not generate a profit.

4.     Old Oak owns title to approximately two hundred acres of real property, which has been conservatively appraised, solely for refinancing purposes, at nearly Six Million Dollars ($6,000,000).

5.     On behalf of Old Oak, Jonas, through this derivative action, seeks an accounting of misused funds by Peter and Algis, the award of damages in favor of Old Oak as compensation for such acts of self-dealing and corporate waste, and the removal of Peter and Algis as Officers and Directors of Old Oak so that independent capable management can be engaged.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(a)(2) in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest, based on cumulative acts of self-dealing and corporate waste, and the value of the corporation and its assets, from which Plaintiff has been wrongfully excluded.

7.     This Court has jurisdiction over the Defendants, who are each citizens of the State of Illinois, doing business in the State of Illinois and within this judicial district so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendants are citizens of the State in which this judicial district is located, and the acts and omissions from which this action arises occurred within this judicial district.

## THE PARTIES

9.     Plaintiff Jonas Lieponis is, and was, at all relevant times, an owner and holder of approximately thirty-three percent (33%) of the stock of Old Oak, an Illinois corporation.  Plaintiff Jonas Lieponis is a citizen of the State of Connecticut.

10.     Defendant Peter Lieponis is an Illinois citizen, an owner and holder of approximately thirty-three percent (33%) of the stock of Old Oak, a member of the Board of Directors of Old Oak, and has at all relevant times served as the President of Old Oak.

11.     Defendant Algis Lieponis is an Illinois citizen, an owner and holder of approximately thirty-three percent (33%) of the stock of Old Oak, a member of the Board

of Directors of Old Oak, and has at all relevant times served as an Officer and Secretary of Old Oak.

12.     Peter Lieponis and Algis Lieponis, who collectively (i) own a majority of the stock of Old Oak, (ii) comprise a majority of the Directors of Old Oak and (iii) serve as the controlling officers of Old Oak, have operated Old Oak in a manner which is oppressive and antagonistic to Plaintiff Jonas Lieponis.

## DUTIES OF THE DEFENDANTS

13.     By virtue of their positions as officers, directors and fiduciaries of Old Oak, and because of their ability to control the business and corporate affairs of Old Oak, the Defendants owed Old Oak and its shareholders fiduciary obligations of trust, loyalty, good faith, due care, and were and are required to use their utmost ability to control and manage Old Oak in a fair, just, honest and equitable manner.  The Defendants were and are required to act in furtherance of the best interests of Old Oak and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

14.     The Defendants, as officers and directors, owe to Old Oak and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of Old Oak and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

15.     The Defendants, because of their positions of control and authority as directors and officers of Old Oak, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

16.     At all relevant times, each of the Defendants was the agent of each other and of Old Oak, and were at all times acting within the course and scope of such agency.

17.    To discharge their duties, the officers and directors of Old Oak were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the financial affairs of Old Oak.  By virtue of such duties, the officers and directors of Old Oak were required to, among other things,

    (a)    refrain from acting engaging in acts of self-dealing to the detriment of Old Oak and its shareholders;

    (b)    ensure Old Oak complied with its legal obligations and requirements;

    (c)    conduct the affairs of Old Oak in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting corporate assets and to maximize the return on the assets of Old Oak for the benefit of its shareholders; and

    (d)    ensure Old Oak was operated in a diligent, honest and prudent manner in compliance with all applicable laws, rules and regulations.

18.    The Defendants, by virtue of their positions as officers and directors, owed to the Company and its shareholders the fiduciary duties of loyalty, good faith and the exercise of due care and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets.  The conduct complained of herein involves a knowing and culpable violation of their obligations as officers and directors of Old Oak, the absence of good faith on their part, acts of self-dealing, corporate waste and a reckless disregard for their duties to the Company and its shareholders that the Defendants were aware of or should have been aware posed a risk of serious injury to the Company.

## COMMON FACTUAL ALLEGATIONS

19.     Old Oak County Club is located 14200 S. Parker Road, Homer Glen, Illinois, and encompasses approximately two hundred acres of undeveloped land operating as a golf course.

20.     Old Oak County Club's General Manager and PGA Golf Professional is Dan Shields, a full time employee.

21.     Old Oak County Club's Golf Course Superintendent, another full time employee, is Eddie Eskar.

22.     Despite Old Oak's employment of full time, certified professionals, Old Oak also employs both Peter Lieponis and Algis Lieponis in duplicative, and undefined management roles.

23.     Neither Peter Lieponis nor Algis Lieponis have written, defined job responsibilities, titles, or defined business hours.

24.     While employees of Old Oak are required to record their hours worked on a daily basis, both Peter Lieponis and Algis Lieponis have seen fit to exempt themselves from such a requirement.

25.     Both Peter and Algis utilize the assets of Old Oak to engage in multiple acts of self-dealing, which, while enriching themselves, provides no benefit to either Old Oak or its shareholders.

26.     Peter operates two (2) business on the premises of Old Oak.

27.     Prime Turf, Inc. ("Prime Turf"), is an Illinois corporation having its principle place of business at 14200 S. Parker Road, Homer Glen, Illinois. On information and belief, Prime Turf is wholly owned by Peter Lieponis.

6

28.     Prime Soil, Inc. ("Prime Soil") is an Illinois corporation having its principle place of business at 14200 S. Parker Road, Homer Glen, Illinois.  On information and belief, Prime Soil is wholly owned by Peter Lieponis.

29.     Neither Prime Turf nor Prime Soil pay any rent to Old Oak for their use of Old Oak's property, physical building space, utilities or other assets.

30.     Neither Prime Turf nor Prime Soil make any monetary contribution to Old Oak for purposes of compensating Old Oak for its use of gas, electric, water and sewer or waste management.

31.     Certain of Prime Turf's and Prime Soil's Comcast-supplied business telephone lines are carried on Old Oak's own Comcast account and paid for by Old Oak.

32.     Algis Lieponis, a licensed real estate broker, utilizes the assets, including a business telephone line, of Old Oak to further his own personal business interests.

33.     Algis Lieponis has caused expenses relating to his real estate practice, including his service as a licensed notary, to be paid for Old Oak.  Old Oak, however, receives no benefit from those services or related costs.

34.     Peter has caused Old Oak to be billed for expenses of Prime Turf and Prime Soil, including, without limitation, medical tests necessary for Peter to maintain a Department of Transportation registered motor carrier license held by Prime Turf.

35.     Peter has caused Old Oak to be billed for expenses of Prime Turf and Prime Soil, including, without limitation, transportation charges to move a tractor from Homer Glen, Illinois to Soldier Field, Chicago, Illinois, in furtherance of the removal of turf from the playing field in November of 2016.

36. Prime Turf and Prime Soil store and maintain trucks and equipment on Old Oak's property without paying any rent or storage fees to Old Oak.

37. Peter Lieponis, in his capacity as President of Old Oak, has directed that Old Oak purchase goods and services from his wholly-owned companies, Prime Turf and Prime Soil, without engaging in competitive bidding. Old Oak has paid tens of thousands of dollars to Prime Turf and/or Prime Soil for goods and services of questionable value, and without any measures in place to determine the pricing for those goods and services is appropriate. Peter has caused Old Oak to purchase a significant amount goods and services directly from Prime Turf and/or Prime Soil. Based on available documents, it is believed the total payments made by Old Oak to Prime Turf and/or Prime Soil in recent years were as follows: (2014 - $26,303); (2015 - $30,462); (2016 - $20,992) and 2017 ($43,294).

38. Peter Lieponis has caused Old Oak to shoulder financial responsibility for the business obligations of his wholly-owned businesses, including, without limitation, medical screening and testing necessary to maintain a Department of Transportation motor carrier license in the name of Prime Turf.

39. In addition to engaging in an extensive course of self-dealing, Peter Lieponis and Algis Lieponis have engaged in an extensive pattern of corporate waste for their own personal enrichment.

40. Neither Peter Lieponis nor Algis Lieponis operate pursuant to an employment agreement, nor do either work at Old Oak subject to any defined or written duties or responsibilities. As a result, Peter Lieponis and Algis Lieponis have consistently evaded their duties and responsibilities as officers of Old Oak by, among other things, excessive absenteeism.

41.     While the prevailing weather in the Chicagoland area permits a relatively short golf season, from Spring to Fall, Peter Lieponis and Algis Lieponis are frequently absent from Old Oak, particularly during peak weekends during the limited golf season. Peter Lieponis frequently travels to his Michigan summer home on weekends during the golf season, as evidenced by his purchase, at Old Oak's expense, of fuel and other automotive charges as he travels to and from his Michigan vacation home. When present, both Peter and Algis routinely limit their appearance at Old Oak to visits late in the day, and rarely for a full business day.

42.     Peter Lieponis and Algis Lieponis have allowed Old Oak's golf operations to operate without any operational budget, reflecting their poor management of its operations.

43.     Peter Lieponis' and Algis Lieponis' frequent absences from Old Oak have not, however, precluded them from paying themselves excessive salaries, relative to the operational budget of Old Oak and despite the existence of actual independent professionals who perform duties which render Peter Lieponis' and Algis Lieponis' presence duplicative and unnecessary.

44.     When Peter Lieponis and Algis Lieponis are present at Old Oak, both have seen fit to engage in gross and reckless acts of corporate waste in violation of their duty of care to Old Oak and its shareholders. Both Peter and Algis routinely consume alcohol while present at Old Oak in their capacity as officers and employees, and have abused a food and beverage discount program which has deprived Old Oak of tens of thousands of dollars of revenue. From 2014 to through the end of 2017, Peter has charged free beverages, including alcoholic beverages, for himself, friends and family, in an amount

totaling over Twenty Thousand One Dollars ($21,000.00). Algis Lieponis has charged free beverages, including alcoholic beverages, for himself, friends and family, in an amount totaling nearly Fifteen Thousand Dollars ($15,000.00) over that same time period.

45.     Further, Peter Lieponis' and Algis Lieponis' consumption of alcohol on the premises of Old Oak while present in their capacity as officers and employees stands in violation of the local ordinances promulgated by the municipality which has granted Old Oak its liquor license, thereby threatening Old Oak's ability to continue to maintain that license, and by extension, jeopardizing its continued ability to maintain business operations.

46.     Unsatisfied with draining the coffers of Old Oak through excessive drinks for family and friends, Peter Lieponis and Algis Lieponis have further enriched themselves to the detriment of Old Oak and its shareholders by charging Old Oak for personal expenses having no material benefit to either Old Oak or its shareholders. In their capacity as officers and/or employees of Old Oak, Peter Lieponis and Algis Lieponis have changed thousands of dollars in outside food and beverage charges, at bars and restaurants throughout the Chicagoland area, for the benefit of themselves, their family and friends. A significant amount of these changes were incurred to Old Oak's detriment during the winter months, when Old Oak's is closed and has no ongoing business operations.

47.     Peter Lieponis and Algis Lieponis have sought to justify those personal food and beverage charges on Old Oak's transaction journals by improperly charging them to expense categories such as "dues and meetings/office administration" thus distorting the nature of the expenses and Old Oak's financial records.

48.     Peter Lieponis and Algis Lieponis have also enriched themselves to the detriment of Old Oak and its shareholders by improperly charging fuel and vehicles expenses to Old Oak.

49.     Both Peter Lieponis and Algis Lieponis live less than three (3) miles from Old Oak.

50.     None of Peter Lieponis' nor Algis Lieponis' duties in their capacities as officers of Old Oak require that either travel in an around the Chicagoland area on a routine basis. Nevertheless, both Peter Lieponis and Algis Lieponis have caused Old Oak to pay, or reimbursement them, for thousands of dollars fuel costs, toll charges, vehicle expenses and car washes.

51.     In 2017, Peter and/or Algis caused dozens of Uber rides to be charged to Old Oak, and further attempted to obscure the improper nature of those charges by labeling them as "shipping and freight" within Old Oak's internal accounting records. Old Oak's business operations due not encompass the shipment and/or freight.

52.     A sizeable number of fuel expenses, or toll charges, were incurred by Peter Lieponis, at Old Oak expense, as he traveled to and from a vacation home located in the State of Michigan, which Peter regularly visits during the height of Old Oak's limited season.

53.     Furthermore, Peter Lieponis and Algis Lieponis have operating Old Oak in contravention of applicable law, thereby jeopardizing Old Oak's ongoing ability to operate.

54.     Peter Lieponis and/or Algis Lieponis routinely make purchases of alcoholic beverages for resale at Oak Old from retail stores such as Kenwood Liquors and Dominicks.

11

55.     Old Oak holds a retail license to sell alcohol and is therefore prohibited, as a matter of law, from purchasing alcoholic beverages from a retailer. *See* Illinois Administrative Code, title 11, section 100.250.  As a result of their misconduct, Peter Lieponis' and Algis Lieponis' have jeopardized Old Oak's ability to continue to maintain its retail liquor license.

56.     Further, Peter Lieponis and Algis Lieponis have knowingly allowed minors to unlawfully engage in the sale of alcoholic beverages.  In the summer of 2017, for example, Old Oak installed a frozen margarita machine on its patio, and assigned a female minor to pour frozen alcoholic beverages and accept payment for same.  Despite being advised that the use of a minor to sell alcoholic beverages was prohibited, Peter Lieponis refused to staff that bar with a person of legal age to alcoholic beverages, thereby jeopardizing Old Oak's business operations and ability to maintain a liquor license.

**REMOVAL OF JONAS LIEPONIS AS OFFICER AND DIRECTOR**

57.     In the fall of 2017, Jonas Lieponis attempted to address what he regarded to be continuing acts of mismanagement, corporate waste and self-dealing.

58.     Rather than substantively responding to the legitimate concerns being raised by Jonas Lieponis, Peter Lieponis and Algis Lieponis instead elected to use their aggregate majority interest in Old Oak to freeze-out and exclude Jonas Lieponis from any further role in Old Oak.

59.     In November 2017, Algis Lieponis provided notice of a Special Meeting of Old Oak's shareholders.  At that meeting, Algis Lieponis and Peter Lieponis voted to appoint themselves, and attorney Brian Whitlock as the three member Board of the Directors of Old Oak, to the exclusion of Jonas Lieponis, who had previously served as

both an officer and director of Old Oak. Directors Whitlock, Peter Lieponis and Algis Lieponis in turn voted to appoint themselves as the sole officers of Old Oak, to the exclusion and detriment of Jonas Lieponis, who had previously served as a vice-president of Old Oak. By their actions, Defendants have effectively frozen Jonas Lieponis out of Old Oak.

60.    Subsequent to November 2017, Jonas Lieponis has been denied access to the current financial reporting of Old Oak, and has been excluded from any management role in the company.

61.    Prior to being removed as an officer and director, and in response to repeated concerns over Old Oak's failure to generate income that might be available as a distribution to its shareholders, Jonas Lieponis was informed by both Peter Lieponis and Algis Lieponis that while the Old Oak is under their collective control, it is the intention that Old Oak never pay dividends to its shareholders, but rather deplete any excess funds through increases in either their own salaries or unnecessary capital improvement projects.

62.    Having been informed by both Peter Lieponis and Algis Lieponis that under their management and control, Old Oak will never make distributions to its shareholders, Jonas Lieponis reasonably believes the only means of ensuring that shareholders receive value from their investment in Old Oak is the removal of Peter Lieponis and Algis Lieponis as officers and directors of Old Oak.

63.    True to their stated intention, Peter Lieponis and Algis Lieponis have increased their own salaries from Old Oak when revenues and free cash flow have so allowed, evidencing that both Peter Lieponis and Algis Lieponis have elevated their own interests over those of Old Oak's shareholders.

64.     Subsequent to being removed as an officer and director of Old Oak, Jonas Lieponis has been excluded from all management decisions, and Old Oak has terminated its prior practice of sending financial statements to Jonas Lieponis.

65.     Old Oak's Board and composition of Officers are dominated by Peter Lieponis and Algis Lieponis, who together comprise the majority shareholders, majority of the Board of Directors and the controlling officers of Old Oak.

66.     Demand that Peter Lieponis and Algis Lieponis bring suit against themselves in a derivative capacity to remedy their own acts of corporate waste, oppression and self-dealing is plainly futile.  *See Jannes v. Microwave Communications, Inc.,* 57 F.R.D. 18, 21 (N.D. Ill. 1972). Peter Lieponis and Algis Lieponis constitute the collective majority owners of Old Oak control two of the three seats of the Board of Directors of Old Oak and serve as the controlling officers of Old Oak.

**CLAIMS FOR RELIEF**
**COUNT I**
**Illinois Business Corporation Act of 1983 (the "Act")**
**Shareholder Remedies: Non-Public Corporations 805 ILCS**
**5/12.56**
**(Against Peter Lieponis and Algis Lieponis)**

67.     Plaintiff incorporates by reference paragraphs 1 through 66 as though fully stated herein.

68.     Peter Lieponis and Algis Lieponis have acted, and currently are acting, in a manner that is illegal, oppressive, or fraudulent with respect to the other shareholder in Old Oak, Jonas Lieponis.

69.     Peter Lieponis and Algis Lieponis have misapplied the corporate assets of Old Oak and otherwise mismanaged funds.

70.     Peter Lieponis and Algis Lieponis have engaged in oppressive conduct demonstrated by a continuing course of heavy-handed conduct prohibited by the Act including, but not limited to: (a) a failure to consult with minority shareholders regarding management of corporate affairs; (b) conspiratorial action allegedly affecting an individual shareholder's control over corporate matters; and (c) a failure to disclose corporate documents on request.

71.     Peter Lieponis and Algis Lieponis, the majority shareholders of Old Oak, majority of the Directors of Old Oak and the controlling officers of Old Oak, have violated the Act through a course of continuing conduct that includes:

(a)     a "freeze-out" of Jonas Lieponis such that he has no communications with key officers of Old Oak regarding the state of his investment;

(b)     the removal of Jonas Lieponis from regular governance activities of Old Oak;

(c)     the denial of access to information regarding Old Oak and its affairs;

(d)     the waste and misapplication of Old Oak's assets;

(e)     ongoing self-dealing for the betterment of Peter Lieponis and Algis Lieponis and their wholly-owned companies to the detriment of Old Oak and its shareholders.

72.     By reason of the Peter Lieponis' and Algis Lieponis' conduct, Jonas Lieponis' interest in Old Oak has been damaged and reduced in value, and Jonas Lieponis has suffered and continues to suffer other actual damages.

73.     The shares of Old Oak are not listed on a national securities exchange and they are not regularly traded in a market maintained by one or more members of a national or affiliated securities association.

74.     Collectively, Peter and Algis are in control of the operations of Old Oak, its finances and its books and records.

75.     Peter and Algis have and continue to act in a manner that is illegal and oppressive to Jonas, a shareholder of Old Oak.

76.     The illegal and oppressive conduct includes, inter alia:

a.  The removal of Jonas as a Director of Old Oak;

b.  Representing to Jonas, in conjunction with his removal from Old Oak, that under the control and supervision of Old Oak, the company would never realize a profit such that distributions to shareholders could be made;

c.  Failing to maintain or abide by budgets;

d.  Engaging in rampant acts of self-dealing to the benefit of Peter and Algis;

e.  Allowing business entities owned solely by Peter and/or Algis to operate on Old Oak's property, and utilize Old Oak's resources, without any compensation to Old Oak;

f.  Failing to be present at Old Oak on a routine and regular basis, and working for the benefit of entities owned and/or controlled by Peter and/or Algis when present at Old Oak;

g.  Failing to maintain timekeeping records for both Peter and Algis, despite the maintenance of timekeeping systems of all other employees of Old Oak; and

h.  Utilizing the assets of Old Oak for their personal benefit.

WHEREFORE, Plaintiff Jonas Lieponis requests judgement in favor of Old Oak County Club, Inc. and against Peter Lieponis and Algis Lieponis as follows:

A.      Requiring an financial accounting to with respect to acts of self-dealing and

corporate waste;

B.    Removing Peter Lieponis and Algis Lieponis as officers and directors of Old Oak County Club, Inc. so as to allow for professional, independent management for the benefit of Old Oak's shareholders; and

C.    Awarding all such damages, rights and recover as allowed by law, and for a trial by jury.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### (Against Peter Lieponis and Algis Lieponis)

77.    Plaintiff incorporates by reference paragraphs 1 through 76 as though fully stated herein.

78.    Peter and Algis owed and owe Old Oak fiduciary obligations. By reasons of their fiduciary relationship, Peter and Algis owed and owe Old Oak the highest obligation of good faith, fair dealing, loyalty and due care.

79.    Peter and Algis have violated and breached their duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

80.    Peter and Algis knew or were reckless or grossly negligent in their misuse of corporate funds, self-dealing and acts of governance not in the best interest of Old Oak and its shareholders. Peter's and Algis' self-dealing and acts of corporate waste constitute violations of their fiduciary duty of loyalty. Peter and Algis have acted in a manner contrary to the good faith exercise of prudent business judgment to protect and promote Old Oak's corporate interests.

81.    As direct and proximate result of Peter's and Algis's failure to perform their fiduciary obligations, Old Oak has sustained damages. As a result of the misconduct

alleged herein, Peter Lieponis and Algis Lieponis are liable to Old Oak in an amount to be determined a trial.

WHEREFORE, Jonas Lieponis, on behalf of Old Oak County Club, Inc., requests that this Court enter judgment in its and against Peter Lieponis and Algis Lieponis, jointly and severally, as follows:

A.  Awarding Plaintiff damages in an amount to be proven at trial;

B.  Awarding Plaintiff its attorneys' fees and costs; and

C.  Granting such other and additional relief as the Court deems just and appropriate.

## COUNT III
## WASTE OF CORPORATE ASSETS

82.  Plaintiff incorporates by reference paragraphs 1 through 81 as though fully stated herein.

83.  As a result of the misconduct described above, the Defendants have wasted corporate assets: (i) by utilizing Old Oak's assets for the benefit of the Defendants' other wholly owned business operations; (ii) by paying unreasonable compensation to Defendants relative to the return provided by them to Old Oak; (iii) by utilizing the assets of Old Oak for their own personal benefit in transactions which serve no legitimate business purpose as to Old Oak.

84.  As a result of the Defendants' numerous acts of corporate waste, the Defendants are liable to Old Oak in an amount to be proven at trial.

WHEREFORE, Jonas Lieponis, on behalf of Old Oak County Club, Inc., requests that this Court enter judgment in its and against Peter Lieponis and Algis Lieponis, jointly and severally, as follows:

A.      Awarding Plaintiff damages in an amount to be proven at trial;

B.      Awarding Plaintiff its attorneys' fees and costs; and

C.      Granting such other and additional relief as the Court deems just and appropriate.

## COUNT IV
## UNJUST ENRICHMENT
### (Against Peter Lieponis and Algis Lieponis)

85.     Plaintiff incorporates by reference paragraphs 1through 84 as though fully stated herein.

86.     By their acts of self-dealing, misuse of corporate funds, both Peter and Algis have been materially enriched at the expense and detriment of Old Oak.

87.     Peter and Algis have accepted and retained those material benefits to the expense and detriment of Old Oak.

88.     Peter's and Algis's retention of such benefits has unjustly enriched them and in equity and good conscience, neither should be permitted to retain such benefits.

89.     Old Oak has no adequate remedy at law.

90.     As a direct and proximate result of Peter's and Algis's unjust enrichment, Old Oak, and its shareholders have been damaged in an amount to be determined at trial.

91.     Plaintiff seeks restitution from Defendants and seeks an Order of this Court disgorging all profits, benefits and other compensation obtained by Defendants from their wrongful conduct and fiduciary breached.

WHEREFORE, Jonas Lieponis, on behalf of Old Oak County Club, Inc., requests that this Court enter judgment in its and against Peter Lieponis and Algis Lieponis, jointly and severally, as follows:

A.  Awarding Plaintiff damages in an amount to be proven at trial;

B.  Awarding Plaintiff its attorneys' fees and costs; and

C.  Granting such other and additional relief as the Court deems just and appropriate.

Dated:  August 22, 2018

Respectfully submitted,

**JONAS LIEPONIS, derivatively on behalf of Old Oak County Club, Inc.**

By:  ___/s/ Jeffery M. Heftman___

One of His Attorneys

Jeffery M. Heftman (*j.heftman @gozdel.com*)
Steven H. Leech (*s.leech @gozdel.com*)
**Gozdecki, Del Giudice, Americus, Farkas & Brocato LLP**
One East Wacker Drive, Suite 1700
Chicago, Illinois 60601
(312) 782-5010 (Telephone)
(312) 782-4324 (Facsimile)

## VERIFICATION

I, Jonas Lieponis, hereby declare as follows:

I am a shareholder of Old Oak County Club, Inc. I was a shareholder of Old Oak County Club, Inc. at the time of wrongdoing complained of and I remain a shareholder. I have retained competent counsel and I am ready, willing and able to pursue this action vigorously on behalf of Old Oak County Club, Inc. I have reviewed the Verified Shareholder Derivative Complaint. Based upon discussions with and reliance upon my counsel, and as to those facts of which I have personal knowledge, the Complaint is true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Signed and Accepted:

Jonas Lieponis